IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FREDRICK L. THOMAS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:09-CV-324-L** |
| v. | § | |
| | § | |
| **FIRST FITNESS INTERNATIONAL, INC.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment, filed October 30, 2009.

After careful consideration of the motion, response, reply, briefs, appendices, record, and applicable

law, the court **grants** Defendant's Motion for Summary Judgment.

## I.    Factual and Procedural History

Plaintiff Fredrick L. Thomas ("Thomas" or "Plaintiff"), proceeding *pro se*, filed his Original

Complaint against Defendant First Fitness International, Inc. ("Defendant") on February 19, 2009,

in this court on grounds that diversity of citizenship existed between the parties and that the amount

in controversy exceeded $75,000, exclusive of interest and costs. Thomas seeks recovery for alleged

breach of contract and loss of income from wrongful termination of an agreement. He specifically

requests $500,000 in damages, plus treble damages (totaling $1,500,000) pursuant to Texas Business

& Commerce Code Section 54.004 for Defendant's alleged willful, wanton, and malicious conduct.

This action arises out of a distributorship agreement (the "Distributorship") entered into by

Plaintiff and his ex-wife, Pollie Lawhon Thomas ("Lawhon"), with Defendant on July 16, 1999.

Thomas contends that he became the sole owner of the Distributorship on December 31, 2004,

through written agreement with Lawhon.  On September 28, 2008, the Second Judicial Circuit Court of Wakulla County, Florida, entered the Final Judgment of Dissolution of Marriage, a divorce decree dividing ownership of Plaintiff's and Lawhon's property.  The divorce decree granted Lawhon entitlement to any accounts in her name, and apparently included the Distributorship.  *See* Def.'s App. 8 ¶ 16.

On appeal from the Florida trial court's divorce decree, Thomas argued extensively that Lawhon transferred ownership of the Distributorship to him and that she wrongfully diverted all income from the Distributorship to herself since January 2005.  *See id.* at 99.  He further argued that the divorce decree was wrongfully entered because the trial court improperly ignored his December 31, 2004 agreement with Lawhon that transferred her ownership to him.  *Id.* at 99-100.  On April 22, 2009, the First District Court of Appeal of Florida entered an order affirming the divorce decree in its entirety.  *Id.* at 116.

Thomas alleges that Defendant breached the Distributorship by failing to pay him any commissions since his December 31, 2004 agreement with Lawhon.  He further alleges that, since December 31, 2004, Defendant has continued to wrongfully pay all commissions to Lawhon, not Plaintiff.  Defendant moves for summary judgment on Plaintiff's claims and contends that his claims are barred by *res judicata* pursuant to the Florida court's ruling as to the divorce decree.  Defendant alternatively argues that any amounts owed under the Distributorship have already been paid to Lawhon, who was at all times authorized to receive the commission payments.  Defendant also contends that the Texas Sales Representative Act, upon which Plaintiff relies for damages, does not apply to Thomas as a matter of law, and that his claims are further barred by the statute of limitations.

II.   **Legal Standard – Motion for Summary Judgment**

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary

judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   <u>Analysis</u>

#### A.   *Res Judicata*

Defendant principally argues that the doctrine of *res judicata* bars Plaintiff's claims in their entirety because the central issue of Plaintiff's claims—ownership of the Distributorship—has already been decided by a Florida state court. This doctrine broadly encompasses two distinct preclusion concepts: claim preclusion (known as *res judicata*) and issue preclusion (known as collateral estoppel). *Gulf-Island IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994) (citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). In this case, Defendant generally asserts the doctrine of *res judicata* to bar Plaintiff's claims; the crux of Defendant's argument, however, goes toward issue preclusion (collateral estoppel) rather than claim preclusion (*res judicata*). This distinction is important because *res judicata* and collateral estoppel each require

a showing of different elements, as they are not one in the same.  For example, while mutuality of

the parties is a requirement for *res judicata*, the Supreme Court has made clear that such mutuality

is unnecessary for a defendant, as here, to properly assert collateral estoppel in a federal action to

bar relitigation of previously decided issues.  *Allen v. McCurry*, 449 U.S. 90, 94-95 (1980) (citing

generally *Blonder-Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313 (1971)); *Gulf

Island-IV*, 24 F.3d at 746; *see Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979).  Because

Defendant seeks to avoid litigating the already-decided issue of ownership of the Distributorship,

the court must determine whether application of collateral estoppel as a bar to Plaintiff's claims is

appropriate.

   "[T]he preclusive effect of prior state court proceedings on federal proceedings is

determined by the treatment those state court proceedings would receive in the courts of the state

in which those prior proceedings were held."  *Norris v. Hearst Trust*, 500 F.3d 454, 460-61 (5th Cir.

2007) (citing *Production Supply Co. v. Fry Steel, Inc.*, 74 F.3d 76, 78 (5th Cir. 1996)).  In other

words, "a federal court must give the same preclusive effect to a state-court judgment as another

court of that State would give."  *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195,

199 (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)) (internal quotations

omitted).  As the divorce decree was entered by a state court in Florida, this court will turn to Florida

law for guidance as to the divorce decree's preclusive effect on Plaintiff's claims in this action.

   The Supreme Court of Florida explains that "[t]he foundation of *res judicata* is that a final

judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in

a proceeding as well as those issues that could have been litigated."  *Engle v. Liggett Group, Inc.*,

945 So. 2d 1246, 1259 (Fla. 2006).  That is to say that "[a] judgment on the merits rendered in a

former suit . . . by a court of competent jurisdiction, is conclusive not only to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." *Id.* (quoting *Florida Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)) (emphasis removed).

Here, it is apparent from the record that Thomas presented extensive arguments to the Florida trial court and Florida appellate court concerning ownership of the Distributorship.  Thomas vehemently asserted that he possessed total, independent ownership of the Distributorship and that the Florida trial court erred when it assigned ownership of that account to Lawhon.  All of Thomas's arguments on this point were rejected, however, when the Florida appellate court affirmed the divorce decree in its entirety.  Florida law makes clear that entry of a final judgment of marriage dissolution determines the ownership interests of each spouse, and that the doctrine of *res judicata* precludes subsequent assertions of property rights that challenge the final judgment.  *Davis v. Dieujuste*, 496 So. 2d 806, 809 (Fla. 1986).  Moreover,

> [W]here a trial court has acquired jurisdiction to adjudicate the respective rights and obligations of the parties, a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.

*Id.* at 809-10.  The court determines that the directive of this holding could not be any clearer with respect to the preclusive effect of a divorce decree on subsequent challenges to the decree's decided issues of property ownership.  Thomas's challenge to ownership of the Distributorship here is no exception.

Thomas contends that his claims cannot be precluded by *res judicata* because Defendant was not a party to the Florida divorce decree.  As discussed above, however, mutuality of the parties is

unnecessary for a defensive use of issue preclusion.  Thomas further contends that he was the sole owner of the Distributorship two and a half years before the divorce decree was entered and that the divorce decree had no effect on Thomas's ownership right.  The court disagrees.

The divorce decree definitively sets forth the property ownership rights of Thomas and Lawhon.  Both the Florida trial court and Florida appellate court had evidence before them of Plaintiff's purported agreement with Lawhon to transfer ownership of the Distributorship to him. The Florida courts rejected Plaintiff's arguments and determined, by entering and affirming the divorce decree, that Lawhon retained ownership of the Distributorship.  Accordingly, despite the legal effect that Thomas believed his purported agreement with Lawhon had, the Florida courts rejected his belief.

Whether the Florida courts made the correct ruling is not a question for this court to decide. What matters is that the Florida courts made a ruling as to Plaintiff's right to ownership of the Distributorship, and Plaintiff was afforded a full and fair opportunity to litigate that issue.  This court has no authority to go back and undo what a Florida state court has done.  Furthermore, in light of the record and evidence before the court, Plaintiff was not only afforded an *opportunity* to litigate that issue, he *did in fact* litigate that issue and presented multiple supporting arguments that were ultimately rejected.  As the issue has already been decided in a Florida state court of competent jurisdiction, the court determines that collateral estoppel applies to Plaintiff's claims and that he is barred from relitigating the issue of ownership of the Distributorship now.  Establishing such ownership is a critical and indispensable component to prevailing on his claims in this action. Because collateral estoppel precludes him from litigating that issue, the entirety of Plaintiff's lawsuit necessarily unravels.

**Memorandum Opinion and Order – Page 7**

Moreover, the court characterizes Plaintiff's claims against Defendant as an attempt to essentially dispute the judgment of the Florida courts concerning his ownership rights of the Distributorship. Even if collateral estoppel did not bar the claims in this action, the court does not believe that it would have the requisite subject matter jurisdiction to address Plaintiff's claims. Under the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction in "cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2002). Accordingly, the record demonstrates that there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

### B.      Defendant's Other Arguments

Defendant alternatively defends on grounds that it has already paid all amounts allegedly owed under the Distributorship to Lawhon, who at all times was authorized to receive the commission payments, and that the Texas Sales Representative Act does not apply to Thomas as a matter of law. In light of the Florida courts' rulings with respect to entering and affirming the divorce decree, this court determines that there is insufficient evidence in the record to adequately support Plaintiff's assertion that he was the sole owner of the Distributorship and was entitled to exclusively receive commission payments over Lawhon. The court therefore cannot hold that Defendant breached the Distributorship, particularly when there is no dispute between the parties that Defendant made full payment of the amounts allegedly owed under the Distributorship to Lawhon.

The court also finds merit in Defendant's argument relating to the Texas Sales Representative Act, because there is no evidence in the record that Thomas ever solicited wholesale orders in Texas. *See* Tex. Bus. & Com. Code Ann. § 54.002(a) (Vernon 2009) (limiting statutory coverage to sales activities performed within the state of Texas). Both of these arguments constitute independent and adequate grounds warranting Defendant's entitlement to judgment as a matter of law, and the court therefore need not address Defendant's statute of limitations argument.

## IV.   Conclusion

For the reasons herein stated, there is no genuine issue of material fact for the trier of fact to consider with respect to any of Plaintiff's claims. Defendant is accordingly entitled to judgment as a matter of law, and the court **grants** Defendant's Motion for Summary Judgment. This action is **dismissed with prejudice**. As required by Rule 58 of the Federal Rules of Civil Procedure, the court will issue a judgment by separate document.

**It is so ordered** this 30th day of June, 2010.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 9**